[690 NYS2d 113]

In the Matter of JOHN O'GRADY (Admitted as JOHN JOSEPH O'GRADY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 10, 1999

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn, for petitioner.

*Jerome Karp, P. C.,* Brooklyn (*Mitchell K. Friedman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition that contained five charges of professional misconduct against him. In his answer, the respondent admitted almost all of the factual allegations contained in the petition, but denied that he was guilty of professional misconduct. After a hearing, the Special Referee sustained all of the charges against the respondent. The Grievance Committee now moves to confirm, and the respondent cross-moves to disaffirm, the Special Referee's report.

All of the charges against the respondent are based on the following factual allegations:

1. In or about May 1995, the respondent was retained by Wanda Hinds to defend her grandson, Kareem Richardson, against robbery charges in the Supreme Court, Queens County.

2. The respondent's fee was to be $2,500. If a trial was required, an additional fee would be negotiated.

3. After Ms. Hinds posted $5,000 bail to secure her grandson's release, the respondent accepted an assignment of the bail to cover his fee with the understanding that the unearned portion of the fee would be refunded if the matter was resolved without a trial.

4. On or about July 13, 1995, Kareem Richardson entered a plea of guilty.

5. On or about September 6, 1995, Kareem Richardson was sentenced as a youthful offender.

6. Beginning in or about September 1995, Wanda Hinds began addressing inquiries to the respondent concerning the refund to which she was entitled.

7. In or about January 1996, the respondent received a check for $4,850 from the New York City Department of Finance, payable to his order, representing a refund of the $5,000 bail, less a $150 service charge, and bearing the notation "In the Matter of People vs Richardson".

8. Pursuant to the respondent's agreement with her, Wanda Hinds was entitled to at least $2,350 of the $4,850 bail proceeds.

9. On or about January 25, 1996, the respondent deposited the $4,850 into his attorney operating account at Marine Midland Bank.

10. From January 25, 1996 until June 27, 1996, Wanda Hinds personally and through William M. McGoldrick, an at-

torney, continued to address inquiries to the respondent concerning the refund to which she was entitled.

11. In response to Ms. Hinds' and Mr. McGoldrick's inquiries, the respondent denied that he received the bail proceeds.

12. On or about July 2, 1996, Wanda Hinds filed a complaint with the petitioner Grievance Committee regarding the respondent's failure to forward a refund to her.

13. By a letter dated August 9, 1996, the petitioner Grievance Committee provided the respondent with a copy of Ms. Hinds' complaint and requested his written answer to the allegations of professional misconduct contained therein.

14. In his written answer dated August 29, 1996, the respondent denied receiving the bail refund.

Charge One alleged that, based on factual allegations 1 through 5 and 7 through 9, the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and DR 9-102 (B) (22 NYCRR 1200.3 [a] [4]; 1200.46 [b]).

Charge Two alleged that, based on factual allegations 1 through 11, the respondent failed to promptly notify his client about and to deliver funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (C) (1) and (4) (22 NYCRR 1200.46 [c] [1], [4]).

Charge Three alleged that, based on factual allegations 1 through 11, the respondent engaged in conduct involving misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Four alleged that, based on factual allegations 1 through 9 and 12 through 14, the respondent engaged in conduct involving misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Five alleged that, based on factual allegations 1 through 14, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In view of the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained all of the charges against the respondent.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider the numerous character letters that were submitted on his behalf.

The respondent's prior disciplinary history consists of three letters of caution.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of five years.

MANGANO, P. J., BRACKEN, S. MILLER, RITTER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent, John O'Grady, is suspended from the practice of law for a period of five years, commencing June 14, 1999, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John O'Grady, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.